UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80023-CR-RYSKAMP/HOPKINS(s)(s)

UNITED STATES OF AMERICA

vs.

JIMMY I. OLIVER,

       **Defendant.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS
TO PRESENTENCE INVESTIGATION REPORT AND CORRECTION**

The United States, by and through the undersigned, hereby files this response to the Defendant's Objections to the Presentence Investigation Report. For the following reasons, the Defendant's objections should be overruled. The United States also notes two errors in the calculation of the defendant's offense level.

**Defendant's Objections and United States' Response**

The defendant first objects to Paragraph 33, which applies a four-level enhancement pursuant to § 2G2.1(b)(3) because the offense involved "(I) the commission of a sexual act; and (ii) conduct described in 18 U.S.C. § 2241(a) or (b)." The defense argues that only a two-level enhancement should apply. Section 2241 addresses aggravated sexual abuse, which is defined as causing another person to engage in a sexual act "(1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." 18 U.S.C. § 2241(a). In this case, the digital video created by the defendant shows him removing his granddaughter's underwear and performing oral sex on her. The video has sound recorded, and one can see her struggling to keep him from lying her down and removing her

underwear. She slaps and kicks him and screams "Put my underwear back on!" After the defendant overpowers her, the six-year-old "H" becomes passive and the defendant performs the sexual act on her. This certainly qualifies as "using force against 'H'." The videotaped interview of "H" at the time of defendant's arrest also shows "H" explaining what her grandfather told her would happen if she didn't engage in sexual activity or if she told anyone what happened. She states that the defendant told her she would be "kicked out" of the house, and left to fend for herself. Of course, no six-year-old could have survived such an outcome, so the defendant placed his granddaughter "in fear that [she would] be subjected to death [or] serious bodily injury." Accordingly, the four-level enhancement applies and the defendant's objection should be overruled.

Defendant's second objection is to paragraph 43, which gives a five-level enhancement for distribution of child pornography in exchange for the receipt or expectation of a thing of value. The interviews of Jimmy Dean Carpenter – the recipient of defendant's images – show that Carpenter would not send images of himself molesting his three daughters if the defendant were unwilling to send child pornography to him. The Eleventh Circuit has found that such a situation warrants the five-level enhancement. *United States v. Bender*, 290 F.3d 1279, 1268 (11th Cir. 2002) ("Joining several of our sister circuits, we hold that when a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in "distribution for the receipt, or expectation of receipt, of a thing of value."). Accordingly, Oliver's second objection also should be overruled.

## Corrections to the PSI

The PSI contains two errors which should have no effect on the defendant's sentence, but which should be raised. First, paragraphs 28, 31, 52, and 57 are based on the assertion that the

separate sexual assaults of "H" should be grouped because they involve the same victim and the same type of harm. Section 3D1.2(d) states that grouping does not apply to offenses governed by Section 2G2.1. All violent crimes like this are not grouped because each sexual assault is a separate offense and, therefore, do not involve the "same type of harm."

This results in the creation of separate groups for each of Counts 6, 9, 12, and 15, all four of which have the adjusted offense level of 46. The fifth group, which applies to Count 19, still has the adjusted offense level of 38. This results in a total of Five Groups. Groups 1 through 4 have one unit and Group 5 has a ½ unit, for a total of 4-1/2 units. This requires the addition of 4 levels, pursuant to Section 3D1.4, for a Combined Adjusted Offense Level of 50. With a two-level reduction[1] for acceptance of responsibility, the resulting Total Offense Level is 48, which still results in a guideline range of life.

The final correction is to paragraph 100, which states that the guideline range is life. The Sentencing Guidelines do result in a recommendation of life imprisonment. However, since none of the crimes of conviction carry a maximum sentence of life, the Court must craft consecutive statutory sentences to meet that guideline range. U.S.S.G. § 5G1.2(d). *See also United States v. Gallashaw*, 2007 WL 28328, *4 (11th Cir. Jan. 4, 2007) (The District Court imposed a reasonable sentence when the advisory guideline range was life and the District Court imposed consecutive sentences for all counts of conviction for a total of 70 years' imprisonment.); *United States v. Fortenberry*, 971 F.2d 717, 722-723 (11th Cir. 1992) (same – imposing consecutive terms on all counts for a total of 30 years' imprisonment).

---

[1]The PSI also shows a three-level reduction for acceptance of responsibility. The Plea Agreement only contains a joint recommendation for a two-level reduction, and the United States does not intend to file a motion for a third level reduction.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court overrule the defendant's objections to the Presentence Investigation Report and correct the Guidelines Calculation to result in a Total Offense Level of 48, resulting in the same advisory guideline range of "life," which the Court must craft from the statutory maximums available to it.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:   /s/*A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney
ann.marie.c.villafana@usdoj.gov
Florida Bar No. 0018255
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561 820-8711
Facsimile: 561 820-8777

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 4, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney

**SERVICE LIST**

**United States v. Jimmy I. Oliver**
**Case No. 06-80023-Cr-Ryskamp/Hopkins(s)**
**United States District Court, Southern District of Florida**

A. Marie Villafaña
Assistant U.S. Attorney
ann.marie.c.villafana@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 820-8777
Attorney for United States
[Service via CM/ECF]

Sheila Parsons
U.S. Probation Office
via facsimile

Pamela Wynn, Esq.
PamelaSWynn@bellsouth.net
Malloy & Wynn, P.A.
105 S Narcissus Ave, Suite 608
West Palm Beach, FL 33401-5528
Telephone: (561) 835-4042
Facsimile: (561) 835-4043
Guardian Ad Litem for Victim H
[Service via electronic mail]

Robin Rosen-Evans
Assistant Federal Public Defender
Robin_Rosen-Evans@fd.org
Federal Public Defender's Office
400 Australian Ave, Suite 300
West Palm Beach, FL 33401
Telephone: (561) 833-6288
Facsimile: (561) 833-0368
Attorney for Defendant Jimmy I. Oliver
[Service via CM/ECF]